UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**WILLIAM A. WORTH, II,**

    **Plaintiff,**

    v.

        Civil Action 2:17-cv-43
        Judge Algenon L. Marbley
        Magistrate Judge Elizabeth P. Deavers

**BRENDA WAMSLEY,** *et al.***,**

    **Defendants.**

## REPORT AND RECOMMENDATION

This is a civil rights action in which Plaintiff, William A. Worth II, an Ohio inmate proceeding without the assistance of counsel, alleges that Defendants[1] violated his constitutional rights to meaningful access to the courts under 42 U.S.C. § 1983.  This matter is before the Court for consideration Plaintiff's Motion for Preliminary Injunction and/or in the Alternative, for a Temporary Restraining Order.  (ECF No. 11.)  For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Motion be **DENIED**.

On January 13, 2017, Plaintiff filed the instant action, asserting a 42 U.S.C. § 1983 against Defendants based on an alleged policy to deny indigent Ohio prisoners notary services in order to deny them meaningful access to the courts.  (ECF No. 1; the "Complaint" or "Compl.") More specifically, Plaintiff alleges that Defendants, employees of Pickaway Correctional

---

[1]Plaintiff names in his Complaint the following Defendants in their individual and official capacities: Brenda Wamsley, Cashier Supervisor, Pickaway Correctional Institution; Sherri Rose-Smith, Unit Manager, Pickaway Correctional Institution; and unnamed corrections officers and staff members.  (Compl. ¶¶ 4-6, 36-37.)

1

Institution ("PCI"), improperly denied him notarization of the requisite court affidavit for filing indigent motion papers in Ohio State Court, requesting instead that Plaintiff submit a form from the prison cashier and a six month financial certification and statement of his prison account. Plaintiff alleges that Defendants' conduct violated his substantive and procedural due process rights to meaningful access to the courts.  Plaintiff further alleges that he complained about the violations and exhausted his administrative remedies prior to filing this action.

On March 30, 2017, Plaintiff filed the subject Motion for Temporary Restraining Order and Preliminary Injunction.  (ECF No. 11; "Pl.'s Mot.".)  Plaintiff alleges that prison officials are refusing to allow another inmate, Christopher R. Bruggeman ("Bruggeman"), who is disabled and wheelchair dependent, access to the main law library on the second floor of PCI.  Plaintiff asserts that disabled and handicapped inmates are only provided access to the law computer and legal materials in a "make-shift law library" within the unit in which they are housed, separate and apart from the main law library.  (Pl.'s Mot. 3.)  Plaintiff further asserts that if his Motion is not granted, he will suffer irreparable harm as "Bruggeman is the only inmate [in PCI] capable of assisting Worth in effectively and meaningfully prosecuting this suit in court."  (Pl.'s Mot. 6.)

## II.  STANDARD

Plaintiff requests a temporary restraining order and a preliminary injunction.  Federal Rule of Civil Procedure 65(a) and (b) permit a party to seek injunctive relief when the party believes it will suffer immediate and irreparable injury, loss, or damage. Fed. R. Civ. P. 65(a) and (b).

A district court considering the extraordinary remedy of a preliminary injunction must consider and balance the following four factors:

>(1) whether the movant has shown a strong likelihood of success on the merits;
>
>(2) whether the movant will suffer irreparable harm if the injunction is not issued;
>
>(3) whether the issuance of the injunction would cause substantial harm to others;
>
>and (4) whether the public interest would be served by issuing the injunction.

*Overstreet v. Lexington-Fayette Urban Cty. Gov.*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000). "These factors are not prerequisites, but are factors that are to be balanced against each other." *Id*. "Although no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000) (citation omitted); *see also Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997) ("While, as a general matter, none of these four factors are given controlling weight, a preliminary injunction issued where there is simply no likelihood of success on the merits must be reversed.").

A movant's burden is even more difficult to satisfy where, as here, a prison inmate seeks an injunction to obtain affirmative relief beyond maintenance of the status quo. *See* 18 U.S.C. § 3626(a)(2) ("In any civil action with respect to prison conditions . . . [p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm."); *Texas v. Camenisch*, 451 U.S. 390, 395 (1981) ("The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held.").

### III.  ANALYSIS

3

The undersigned recommends denial of Plaintiff's preliminary injunction motion because the relief he seeks and the bases for that relief are unrelated to the allegations in his Complaint. As the Supreme Court has explained, "[a] preliminary injunction is . . . appropriate to grant intermediate relief of the same character as that which may be granted finally," but is inappropriate where the injunction "deals with a matter lying wholly outside of the issues in the suit." *De Beers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945). Thus, Courts consistently deny motions for preliminary injunctions where the requested relief is unrelated to the conduct alleged in the complaint. *See, e.g.*, *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) ("A party moving for preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."); *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997) (denying preliminary injunction because "a district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit"); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (denying preliminary injunction where the moving party failed to "establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint"); *Ball v. Famiglio*, 396 F. App'x 836, 838 (3d Cir. 2010) (denying preliminary injunction where individuals whose conduct movant sought to enjoin were not named defendants and where most of the relief requested was unrelated to allegations in complaint).

Here, the bases on which Plaintiff seeks a preliminary injunction are unrelated to the claim raised in his Complaint regarding the alleged denial of notary services for requisite court affidavits. Indeed, the individuals from whom Plaintiff seeks relief—prison employees outside of the cashier's office—are not named as defendants in this action. Should the Court grant

4

Plaintiff the relief requested in his underlying Complaint, specifically, access to notary services and monetary compensation, it would not result in the relief requested by this Motion, specifically, access to the main law library for disabled and handicapped inmates. For these reasons, it is **RECOMMENDED** that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction be **DENIED**. (ECF No. 11.)

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted).

**IT IS SO ORDERED.**

Date: April 4, 2017                                    /s/ *Elizabeth A. Preston Deavers*
                                                        ELIZABETH A. PRESTON DEAVERS
                                                        UNITED STATES MAGISTRATE JUDGE