UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WILLIAM A. WORTH, II,

      Plaintiff,

                                                      Civil Action 2:17-cv-43
   v.                                         Judge Algenon L. Marbley
                                                      Magistrate Judge Elizabeth P. Deavers

BRENDA WAMSLEY, *et al.*,

      Defendants.

## REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Defendants' Motion to Dismiss (ECF No. 14.), Plaintiff's Response in Opposition (ECF No. 17), and Defendant's Reply (ECF No. 21). For the reasons that follow, it is **RECOMMENDED** that Defendants' Motion to Dismiss be **GRANTED**.

## I. BACKGROUND

Plaintiff, a prison inmate under the custody and control of the Ohio Department of Rehabilitation and Correction, brings his claims pursuant to 42 U.S.C. § 1983 alleging violations of his First Amendment right to meaningful access to the courts. (Doc. No 1 at 2.) Plaintiff asserts that Defendants[1] interfered with his First Amendment access to the courts by delaying the submission of his legal mail to the Ohio courts. (*Id*. at 4.) Plaintiff is monetary relief in the amount of $25,000 compensatory and $50,000 punitive damages against each Defendant, as well as fees and costs. (*Id*. at 7.)

---

[1] Plaintiff's Complaint states two named defendants and an unspecified number of John/Jane Doe defendants.

Plaintiff's Complaint states that he filed motions to reopen and reconsider denial of his state criminal appeal in the Ohio Tenth District Court of Appeals on the grounds of ineffective assistance of appellate counsel and merger of related offenses. (ECF No. 1-1.) The appeals court denied his applications for reopening and reconsideration of his appellate case as untimely on May 26, 2016. (*Id*. at 4, 6.) According to Plaintiff, his discretionary appeal to the Ohio Supreme Court was due on July 10, 2016. (ECF No. 1 at 4.) Plaintiff claims that "around a week before the . . . deadline," he sought notary services from Defendant Smith who allegedly declined to notarize Defendant's affidavit of indigency and told Plaintiff to procure an affidavit form from the prison cashier, per institutional policy, along with a six-month financial certification and financial statement of his prison account.[2] (*Id*.) Plaintiff states that he requested the affidavit and related financial statements on August 8, 2016. (*Id*. at 5.) Plaintiff also states that he received the documents on August 15, 2016, but found that the prison-provided affidavit was for use in the Ohio Court of Claims, rather than the Ohio Supreme Court. (*Id*.) Plaintiff subsequently filed various administrative grievances and appeals before filing his Complaint in this matter on January 13, 2017. (*Id*. at 5-6.) Defendants filed their Motion to Dismiss on April 13, 2017. (ECF No. 14.)

## II. Standard of Review

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). Under Rule 8(a)(2), a complaint must contain a

---

[2] Although Plaintiff calls this policy "clandestine" throughout his Complaint, it is apparent from various inspectors' reports to him that ODRC is very open about its notarization policies. (ECF No. 1-1 at 15, 18.)

"short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd.*, *P'ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted).

Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

3

## III. Analysis

Plaintiff brings his claims against Defendants under 42 U.S.C. § 1983, which provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.

In order to proceed under § 1983, a plaintiff must prove both that (1) the perpetrator acted under color of state law; and (2) the conduct deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Brandon v. Allen*, 719 F.2d 151, 153 (6th Cir. 1983), *rev'd and remanded sub nom*, *Brandon v. Holt*, 469 U.S. 464 (1985). As a general rule, a plaintiff proceeding under § 1983 must allege that the deprivation of his rights was intentional or at least the result of gross negligence. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986). Mere negligence is not actionable under § 1983. *Chesney v. Hill*, 813 F.2d 754, 755 (6th Cir. 1987).

In considering Plaintiff's claims, the Undersigned is mindful that prisoners enjoy a First and Fourteenth Amendment right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 354 (1996). A prisoner has a First Amendment right to send mail. *Hudson v. Palmer*, 468 U.S. 517, 547, 104 (1984). A restriction on this right is valid "only if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89, 107 (1987). Prison officials deny prisoners their right to access the courts by depriving them of a "reasonably adequate opportunity" to challenge their sentence or conditions of confinement. *Bounds v. Smith*, 430 U.S. 817, 828 (1977); *Lewis* 518 U.S. at 354–55. To prove a constitutional deprivation,

4

however, it is not enough to show that defendants denied a prisoner access to legal materials. *Lewis*, 518 U.S. at 249–51. A plaintiff must show "specific or concrete prejudice to his cause." *Pilgrim v. Littlefield*, 92 F.3d 413, 415–16 (6th Cir. 1996). Such specific or concrete prejudice includes the dismissal of an appeal because late mailing of a prisoner's claim of appeal by prison officials caused it to be filed late, resulting in the dismissal of the appeal. *Dorn v. Lafler*, 601 F.3d 439, 444 (6th Cir. 2010). A plaintiff must allege that the prison official's conduct amounted to denial of access to the courts or some form of censorship of speech. *See Corsetti v. McGinnis*, 24 F. App'x. 238, 241 (6th Cir. 2001) ("Regarding the alleged reading of Corsett's legal mail and legal materials, Corsetti has not alleged, nor is there any evidence, that any papers were seized or that the defendants' reading of the papers caused actual injury or 'hindered his efforts to pursue a legal claim.'" (quoting *Lewis*, 518 U.S. at 351)); *see also Wardell v. Duncan*, 470 F.3d 954, 959 (10th Cir. 2006) ("A plaintiff must show that non-delivery of his legal mail resulted in actual injury by frustrating, impeding, or hindering his efforts to pursue a legal claim.") (internal quotation marks and citations omitted). An isolated incident of inadvertent mail interference does not state a claim that rises to the level of constitutional magnitude, and is therefore not actionable under § 1983. *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990); *Stevenson v. Koskey*, 877 F.2d 1435, 1441 (9th Cir. 1989); *Morgan v. Montanye*, 516 F.2d 1367, 1370-71 (2d Cir. 1975); *Bach v. Illinois*, 504 F.2d 1100, 1102 (7th Cir. 1974); *Jackson v. Williams*, No. 1:11-CV-01841, 2011 WL 6326123 at *2 (N.D. Ohio Dec. 16, 2011); *Searcy v. Culhane*, No. 09–CV–10174, 2009 WL 1864028 at *7 (E.D. Mich. June 29, 2009). To succeed, a plaintiff must show more than mere negligence on the part of defendants. *See Gibbs v. Hopkins*, 10 F.3d 373, 379

(6th Cir. 1993) ("These actions, if proven, and if intentional, support the claim that prison officials are attempting to deny prisoners effective access to the courts.")

### A. Plaintiff's Allegations of Causation are not Facially Plausible

The Undersigned finds that Plaintiff has failed to make a facially plausible allegation of causation. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. According to Plaintiff, Defendant Smith refused to notarize his affidavit of indigency "around a week before the 07/10/16 deadline." (ECF No. 1 at 4.) Plaintiff admits in his pleading, however, that he did not request the ODRC-provided affidavit of indigency until August 8, 2016, some four weeks after his deadline to file in the Ohio Supreme Court. (*Id*. at 5.) Plaintiff made no effort to timely acquire the required affidavit and financial statements according to the ODRC policy. (*Id*.) Indeed, Plaintiff does not even allege that he attempted to file his appeal with the Ohio Supreme Court. Even accepting Plaintiff's allegations, then, the Court could not conclude that Defendants' inactions caused Plaintiff to miss his filing deadline. The Undersigned finds, therefore, that Plaintiff has failed to allege facts showing facially plausible causation. *Iqbal*, 556 U.S. at 678.

### B. Plaintiff's Underlying Legal Cause is Futile

The Undersigned also finds that Plaintiff has failed to show "specific or concrete prejudice to his cause" as a result of Defendants' alleged inactions. *Pilgrim*, 92 F.3d at 415–16. In order to show prejudice, a plaintiff's underlying legal cause must be non-frivolous. *Hadix v. Johnson*, 182 F.3d 400, 405-406 (6th Cir. 1999). In the instant case, Plaintiff sought to reopen his appellate case on the basis of ineffective assistance of appellate counsel. The appeals court

denied Plaintiff's application to reopen for extreme untimeliness and lack of good cause. (ECF No. 1-1 at 4, 6.) The appellate court noted that the Ohio Rules of Appellate procedure governing appeals based on a claim of ineffective assistance of appellate counsel require filing "within 90 days of journalization of the appellate judgment" absent good cause. (*Id*. at 4; *see* Ohio App. R. 26(B)(1).) Plaintiff filed his appeal nearly four years after the initial appeals court decision. (*Id*. at 4.) Additionally, the appeals court found that Plaintiff failed to show good cause because he based his application to reopen on a future development of Ohio law that appellate counsel had no duty to anticipate. (*Id*. at 4-5.)

Furthermore, "a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999). The Supreme Court of Ohio, in answering a certified question from the U.S. District Court for the Northern District of Ohio, has held "proceedings to reopen appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel, are collateral postconviction proceedings and not part of the direct appeal process." *Morgan v. Eads*, 2004-Ohio-6110, 104 Ohio St. 3d 142 (Ohio 2004.), syllabus. Plaintiff's prosecution of his ineffective assistance of counsel claim, therefore, is not protected by the First and Fourteenth Amendments, leaving a Section 1983 remedy unavailable against Defendants.

Last, the appeals court found Plaintiff's application for reconsideration time-barred, as well. (*Id*. at 6.) The appeals court also noted that Plaintiff's application for reconsideration improperly presented a novel legal argument that was not raised previously. (*Id*.; *Waller v. Waller*, 7th Dist. No. 04 JE 27, 2005-Ohio-5632, ¶ 3 ("A motion for reconsideration pursuant to App. R. 26(A) is not an opportunity to raise new arguments that a party simply neglected to

make earlier in the proceedings, but rather, is an opportunity to correct obvious errors in the appellate court's opinion in order to prevent a miscarriage of justice."). Plaintiff's application for reconsideration, therefore, is futile.

The Undersigned finds, therefore, that Plaintiff has failed to plead the requisite prejudice because his underlying legal cause is futile. *Hadix*, 182 F.3d at 405-406.

### C. Plaintiff has Failed to Plead Intent

The Undersigned finds that Plaintiff has failed to plead that any constitutional deprivation resulted from Defendants' intentional conduct. Plaintiff claims that Defendant Smith refused to notarize his hand-made affidavit and directed him to obtain an ODRC-provided affidavit of indigency. (ECF No. 1 at 4.) Plaintiff does not assert that Defendants refused to notarize his document in order to delay or prevent sending of his legal mail. Rather, Plaintiff states that Defendant acted according to ODRC policy, which institutional inspectors confirmed in their reports. (*Id*.; ECF No. 1-1 at 15, 18.) Neither does Plaintff allege that Defendants even knew his filing deadline. At most, Plaintiff has alleged negligence on the part of Defendants. To state a claim under Section 1983, however, Plaintiff must allege more than mere negligence. *Gibbs*, 10 F.3d at 379. The Undersigned finds, therefore, that Plaintiff has failed to plead intentional conduct as required by the statute.

## IV. CONCLUSION

For the reasons explained above, Plaintiff has failed to state a claim on which relief may be granted against Defendants. Accordingly, the Undersigned **RECOMMENDS** that Defendants' Motion to Dismiss be **GRANTED**. (ECF No. 14.)

**PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, it may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**

Date: October 20, 2017 /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE