IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM A. WORTH, II, | : | |
| Plaintiff, | : | Case No. 2:17-cv-00043 |
| v. | : | JUDGE ALGENON L. MARBLEY |
| BRENDA WAMSLEY, *et al.*, | : | Magistrate Judge Deavers |
| Defendants. | : | |

**OPINION & ORDER**

Plaintiff William A. Worth II, an Ohio inmate proceeding without assistance of counsel, brings these claims under 42 U.S.C. § 1983 against Defendants Brenda Wamsley, Sherri Rose-Smith, and John/Jane Does (unknown). Plaintiff alleges in the Complaint that Defendants denied him meaningful access to the courts. There are several matters before the Court for consideration: Plaintiff's Motion for Preliminary Injunction and/or in the Alternative, for a Temporary Restraining Order (ECF No. 11); Plaintiff's Motion to Strike (ECF No. 22); Defendants' Motion to Dismiss (ECF No. 14) and; Plaintiff's Motion to Take Judicial Notice (ECF No. 24). For the reasons stated herein, upon *de novo* review, this Court **OVERRULES** Plaintiff's Objections, **AFFIRMS** the Magistrate Judge's various Report and Recommendations and hereby **DISMISSES** Plaintiff's claims.

### I. BACKGROUND

On January 13, 2017, Plaintiff filed the Complaint in the instant action under 42 U.S.C. § 1983, asserting that Defendants denied him meaningful access to the courts by denying him notary services afforded to indigent Ohio prisoners, all according to a "clandestine" policy of the

prison. (ECF No. 1 at 6). The complaint indicates that Plaintiff is suing all Defendants in both their respective individual and official capacities. (ECF No. 1 at 2).

Furthermore, Plaintiff alleges that Defendants, all working at Pickaway Correctional Institution ("PCI") improperly denied him notarization of his required form that he personally drafted (the Affidavit of Indigence in Lieu of Fees); instead, he alleges that Defendants requested that he submit a form from the prison cashier and obtain a six-month financial certification and financial statement of his prison account. (ECF No.1 at 4). Plaintiff alleges that Defendants have created a "clandestine" policy that is designed to deny meaningful access to the courts and discriminate against indigent prisoners, therefore violating substantive and procedural due process rights. *Id.* at 6. According to the Complaint, Plaintiff alleges that he has exhausted all available administrative remedies before filing the instant action. *Id.* at 3.

## II. PRELIMINARY INJUNCTION AND/OR IN THE ALTERNATIVE, A TEMPORARY RESTRAINING ORDER

### A. Background

This Court adopts the Magistrate Judge's facts pertaining to the factual and procedural background on the Motion for Temporary Restraining Order and Preliminary Injunction in full. On April 4, 2017, the Magistrate Judge issued a Report and Recommendation recommending the denial of Plaintiff's Motion for Preliminary Injunction and/or in the alternative, a Temporary Restraining Order. (ECF No. 13 at 1). The Magistrate Judge recommended that Plaintiff's preliminary injunction motion be denied because the relief sought and the reasoning for that relief are unrelated to the allegations set forth in the Complaint. *Id*. at 4-5. The Magistrate Judge noted the discrepancy in relief requested by both the Complaint and this Motion; Plaintiff requests access to notary services and monetary compensation while the relief sought in the Complaint is access to the main law library at the prison for disabled inmates. *Id*. at 5.

**B.     Standard**

If a party objects within the allotted time to a magistrate judge's report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendation to which the objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

While *pro se* litigants' allegations are held to a less stringent standard, courts have found that *pro se* litigants must at least meet minimum standards of pleading. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

**C.     Analysis**

This Court agrees with the decision and analysis of the Magistrate Judge, not only based on the Magistrate Judge's reasoning, but because the Plaintiff failed to comply with the deadline set under the objection procedure entailed in the Report and Recommendation ("R&R").

According to the R&R, if the plaintiff seeks review by the District Judge, she must file and serve all parties objections within fourteen days. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). As the Magistrate Judge specifically advised Plaintiff in the R&R that the failure timely to file objections would result in a waiver of the right to *de novo* review by the District Judge and the waiver of the right to appeal the judgment of the District Court. (ECF No. 13 at 5). The Magistrate Judge issued the R&R on April 4, 2017, making any objections due by April 18, 2017. Plaintiff filed objections to R&R on June 6, 2017 nearly two months after the deadline. (Docket). It should be noted that the Court did not grant Plaintiff a Motion for Extension of Time. Due to the fact that Plaintiff failed to file any objections to the R&R in a timely manner,

Plaintiff waived his right to have a District Judge review this R&R *de novo* and waived his right to appeal the decision of the District Court adopting this R&R.

This Court has previously held that "[w]hile a plaintiff's *pro se* status alone is insufficient to excuse late filing, *pro se* litigants are often afforded a special solicitude by courts, particularly in the enforcement of procedural rules." *Boyd v. United States*, 932 F. Supp. 2d 830, 840 (S.D. Ohio 2013 (citing *Tracy v. Freshwater,* 623 F.3d 90, 101-03 (2d Cir. 2010); *Dutil v. Murphy*, 550 F.3d 154, 158 (1st Cir. 2008); *Adams v. Nankervis*, 902 F.2d 1578 (9th Cir. 1990); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985)). Although Plaintiff was nearly two months late in filing objections to the R&R, the Court will nonetheless analyze the substance of Plaintiff's objection.

Plaintiff objects to Magistrate Judge's R&R on the basis that the matters raised in his Motion for Preliminary Injunction were included in the Complaint. (ECF No. 18 at 3). Plaintiff objects to Magistrate Judge's use of *De Beers Consol. Mines Ltd. v. United States* in the R&R that "[a preliminary injunction] is inappropriate where the injunction 'deals with a matter lying wholly outside of the issues in the suit'". (ECF No. 13 at 4). Plaintiff alleges that the facts and relief requested in the Motion for Preliminary Injunction is included in the Complaint itself. (ECF No. 18 at 4).

Defendants filed a Response to Plaintiff's Objections arguing that this Court should affirm the Magistrate Judge's R&R on several grounds. (ECF No. 20 at 2). Defendant first draws attention to the fact that Plaintiff failed to file timely his objections within the requisite timeframe. *Id*. Defendant also argues that Plaintiff fails to meet the burden of proving that his circumstances satisfy the conditions necessary for granting a preliminary injunction because

4

Plaintiff fails to connect the issues in the Complaint with the relief sought by the preliminary injunction. *Id*.

In the R&R, the Magistrate Judge emphasizes that the Plaintiff's burden to prove circumstances necessary for a preliminary injunction is even more difficult to satisfy where the "prison inmate seeks a preliminary injunction to obtain affirmative relief beyond maintenance of the status quo." (EFC No. 13 at 3). In this case, the Court agrees with the Magistrate Judge that Plaintiff fails to establish a connection between the relief sought under the Motion for the Preliminary Injunction and the relief sought in his Complaint. If a party fails to establish a relationship between the requested relief in the preliminary injunction and the conduct alleged in the complaint, the Court may deny the motion. *See, e.g., Tolliver v. Collins,* 20101 WL 2640061 at *1 (S.D. Ohio 2010)("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the conduct asserted in the complaint.") The relief sought in the Complaint is access to notary services and monetary compensation. (EFC No. 1 at 7). The relief sought in the Motion for Preliminary Injunction is to allow disabled inmates access to the main law library and to allow Plaintiff to receive assistance from a handicapped inmate. (ECF No. 11 at 11). This Court finds a discrepancy in the relief sought and the conduct alleged.  Thus, the Court **OVERRULES** Plaintiff's objections (ECF No. 18) and **AFFIRMS** the recommendation of the Magistrate Judge (ECF No. 13).  Plaintiff's Motion for Preliminary Injunction (ECF No. 11) is **DENIED**.

### III.     DEFENDANTS' MOTION TO DISMISS

#### A.     Background

This Court adopts the Magistrate Judge's facts pertaining to the factual and procedural background on the Defendants' Motion to Dismiss in full. On October 20, 2017, the Magistrate

Judge issued an R&R recommending the Defendants' Motion to Dismiss be granted. (ECF No. 25 at 1). The Magistrate Judge recommended that the Defendants' Motion be granted on a multitude of grounds. First, the Magistrate Judge found that Plaintiff's allegations of causation are not facially plausible because Defendants' inactions did not certainly cause Plaintiff to miss his filing deadline. *Id*. at 6. The Magistrate Judge also found that Plaintiff's underlying legal cause is futile because his application for reconsideration was not submitted in a timely manner and therefore is time-barred. *Id.* at 7. The last reason the Magistrate Judge gave for granting the Motion to Dismiss is that the Plaintiff failed to plead constitutional deprivation resulting from intentional conduct; the R&R states that the Defendants' actions amount to mere negligence. *Id.* at 8.

### B. Standard

The same standard relating to objecting to a Magistrate Judge's Report and Recommendation applies here. Thus, if a party fails to object to the magistrate judge's report and recommendation within the allotted time, he waives his right to *de novo* review. Defendants' Motion to Dismiss is brought pursuant to Federal Rule of Civil Procedure (12)(b)(6) to dismiss the Plaintiff's Complaint. A case may be dismissed if the complaint does not state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). "A motion to dismiss for failure to state a claim is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus,* 404 F.3d 950, 958-59 (6th Cir. 2005). A complaint fails to state a claim upon which relief can be granted when the plaintiff does not prove a set of facts consistent with the claims in the complaint that would entitle him to relief. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). However, the Court must construe the complaint in the light most favorable to the non-moving party and make reasonable

inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield,* 553 F.3d 430, 434 (6th Cir. 2008).

## C. Analysis

This Court agrees with the decision and analysis of the Magistrate Judge, not only based on the Magistrate Judge's reasoning, but once again because Plaintiff failed to comply with the deadline set under the objection procedure entailed in the R&R.

According to the R&R, if the plaintiff seeks review by the District Judge, they must file and serve all parties objections within fourteen days. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). As the Magistrate Judge specifically advised the Plaintiff in the R&R that the failure timely to file objections would result in a waiver of the right to *de novo* review by the District Judge and the waiver of the right to appeal the judgment to the District Court. (ECF No. 25 at 9). The Magistrate Judge issued the R&R on October 20, 2017, making any objections due by November 3, 2017. Plaintiff filed a Motion for Leave to File an Objection to the Report and Recommendation on November 7, 2017. (ECF No. 28). The Magistrate Judge granted the motion and set the deadline for objections at December 4, 2017. (ECF No. 29). Plaintiff requested an additional extension on December 4, 2017. (ECF No. 30). The Magistrate Judge granted the extension and moved the deadline to December 24, 2017. (ECF No. 31). Plaintiff filed objections to R&R on January 2, 2018, over a week after the deadline. (ECF No. 32).

Due to the fact that Plaintiff failed to file any objections to the R&R in a timely manner, Plaintiff waived his right to have a District Judge review this R&R *de novo* and waived his right to appeal the decision of a District Court adopting this R&R. Even upon de novo review, however, the Report and Recommendation must be adopted. Plaintiff objects to the Magistrate Judge's R&R on the grounds that he stated a claim for denial of meaningful access to the courts,

substantive and procedural due process of law and equal protection when Defendants intently denied him notary services. (ECF No. 32 at 4). The Plaintiff contends that his underlying claims were not futile, as he claims that the Defendants acted with deliberate nature in violating his rights and enforcing the "clandestine" policy. *Id.* at 8-9.

Defendants filed a Response to Plaintiff's Objections arguing that this Court should affirm the Magistrate Judge's R&R on several grounds. (ECF No. 34 at 1). Defendant again draws attention to the fact that Plaintiff failed timely to file his objections within the requisite timeframe. *Id*. Defendant also contends that Plaintiff failed to present new arguments that the Magistrate Judge did not consider in recommending granting the Motion to Dismiss, stating that Plaintiff merely recites the same arguments. *Id.* at 2. Defendant also reiterates Magistrate Judge's reasons for granting the Motion to Dismiss, including Plaintiff's claims of causation are not facially plausible and that his underlying claims are futile. *Id.* at 3.

The Magistrate Judge found that Plaintiff failed to state a claim on which relief can be granted for a multitude of reasons listed above. In this case, the Court agrees with the Magistrate Judge that Plaintiff fails to state a claim on which relief can be granted, and therefore does not satisfy the pleading requirements necessary to survive a motion to dismiss. Plaintiff failed to prove intent by the Defendants to deprive him of his rights and finds that the Defendants' conduct amounts to mere negligence. Plaintiff has not alleged in the Complaint any facts that show that Defendants intentionally acted to deny his access to the courts. In order successfully to state a claim under Section 1983, Plaintiff must show that the Defendants acted with conduct that surpasses the standard of mere negligence. *Gibbs v. Hopkins,* 10 F.3d 373, 379 (6th Cir.1993). Thus, the Court **OVERRULES** Plaintiff's objections (ECF No. 32) and **AFFIRMS** the

recommendation of the Magistrate Judge (ECF No. 25). Defendants' Motion to Dismiss (ECF No. 14) is **GRANTED**.

## IV. MOTION TO STRIKE

Plaintiff filed a Motion to Strike Defendants' Response to Plaintiff's Objections (ECF No. 20) and Defendants' Reply in Support of Motion to Dismiss (ECF 21) on the basis that Defendants allege insufficient defenses, set forth redundant and impertinent claims, among others. As this Court sustains the recommendation of the Magistrate Judge to grant the Defendants' Motion to Dismiss, even without considering Defendants' Response to Plaintiff's Objections or Reply in Support of Motion to Dismiss, Plaintiff's Motion to Strike (ECF No. 22) is **MOOT.**

## V. MOTION FOR JUDICIAL NOTICE OF ADJUDICATIVE FACTS

Plaintiff filed a Motion for Judicial Notice of Adjudicative Facts to ask the Court to recognize that the officials of the ODRC have changed their policy for providing notary services for indigent prisoners. As this Court sustains the recommendation of the Magistrate Judge to grant the Defendants' Motion to Dismiss, regardless of whether the facts in Plaintiff's Motion are considered, Plaintiff's Motion to Strike (ECF No. 24) is **MOOT.**

## VI. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Preliminary Injunction (ECF No. 11) is **DENIED**, his Objection to the Magistrate Judge's Report and Recommendation (ECF No. 18) is **OVERRULED**, and the Magistrate Judge's Report and Recommendation (ECF No. 13) is **AFFIRMED**. Defendants' Motion to Dismiss (ECF No. 14) is **GRANTED**, the Magistrate Judge's Report and Recommendation (ECF No. 25) is **AFFIRMED**, and Plaintiff's Objection to the Magistrate Judge's Report and Recommendation (ECF No. 32) is **OVERRULED**.

Plaintiff's Motion to Strike (ECF No. 22) and Motion to take Judicial Notice (ECF No. 24) are

**DISMISSED** as **MOOT**.  Plaintiff's claims are hereby **DISMISSED.**

    **IT IS SO ORDERED.**

                                                    /s/ Algenon L. Marbley
                                                    **ALGENON L. MARBLEY**
                                                    **UNITED STATES DISTRICT JUDGE**

**DATED:  March 14, 2018**